**Homer C. SPEED, Jr., et al., Appellants,**

v.

**John MOFFAT, Appellee.**

**No. 8201.**

Court of Civil Appeals of Texas,
Amarillo.

Feb. 14, 1972.

J. Bruce Aycock, City Atty., Amarillo, for appellants.

Tom Upchurch, Amarillo, for appellee.

ELLIS, Chief Judge.

In this suit instituted by the plaintiff-appellee, John Moffat, an employee of the street department of the City of Amarillo, Texas, the trial court granted the plaintiff's petition for injunction and entered its order restraining the defendants-appellants, Homer C. Speed, Jr., acting Personnel Director and John Stiff, City Manager, respectively, of the City of Amarillo "from forbidding the displaying of 'bumper stickers' on private automobiles, not used in the course of employment, in reference to the forthcoming city election in Amarillo, Texas." The election mentioned in the order was the election for the offices of Mayor and City Commissioners held on April 6, 1971. Also, a run-off election for one position of city commissioner was required, and this election was held on May 3, 1971.

Judgment reversed and cause dismissed.

The basic city ordinance involved in this case is Section 6–24 of the Civil Service Ordinance of the City of Amarillo, which provides:

"City employees shall not take an active part in any political campaign of any person for an elective position. The term 'active part' includes making political speeches, passing out cards or other political literature, writing letters, signing petitions, actively and openly soliciting votes, and the making of public derogatory remarks about candidates for such elective positions. In addition to the penalty provided in section 1–6, any wilful violation of this section shall be sufficient grounds to authorize the discharge of any employee in the classified service."

This case arose from the issuance on March 25, 1971, by Homer C. Speed, Jr., acting Personnel Director, of the following directive to all Division Directors and Department Heads of the City of Amarillo:

"All City Employees should be reminded that it is against the Rules of the City of Amarillo 'to actively and openly solicit votes' for any political candidate. This includes the use of political bumper stickers endorsing any political cam-

paign. The Law states that 'any willful violation of this Ordinance shall be sufficient grounds to authorize the discharge of any employee in the classified or unclassified service of the City'."

Upon the issuance of the directive above set out, the employee-appellee and members of his family removed from each of his two private automobiles bumper stickers previously placed thereon displaying the names of two candidates for the office of city commission in the upcoming election. Subsequently, he brought this suit for injunctive relief in the district court. In his petition for injunction, appellee alleged that he wished to register his preference of candidates in the upcoming city election and that the display of bumper stickers is the "proper right of expression of freedom of speech as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States." He further alleged that the issuance of such directive threatened and jeopardized his right of freedom of expression and his right to employment *in the event he displayed "bumper stickers"* on his private automobile. In this suit, as demonstrated by the prayer of his petition, he sought to have the named officers "restrained and enjoined from discharging Plaintiff from the employment of the City of Amarillo or in any other way *in the event Plaintiff chooses to express his political candidates' choice* by affixing 'bumper stickers' to his private automobile." Appellants challenged the jurisdiction of the trial court to consider appellee's petition on the grounds that the appellee failed to allege a justiciable controversy by reason of stating the case hypothetically in that there are no allegations of violations of the city ordinance or personnel directive, but merely that he is desirous of doing so. The appellants also answered that appellee is not charged with any violation, has not been reprimanded or disciplined in any manner, and by this suit, the appellee is, in effect, merely seeking an advisory decision of the court.

After hearing, the trial court granted the injunctive order which is the subject matter of this appeal. Appellants contend in the points of error set out in their brief and by oral argument that the court erred in granting the injunctive order because no justiciable controversy was presented; that appellee had an adequate remedy at law under the Civil Service Ordinances of the City of Amarillo, based upon Article 1269m, Vernon's Texas Civil Statutes; and that jeopardization of freedom of speech was not involved in this controversy. Appellee has not favored us with either an appellate brief or oral argument. We shall, therefore, confine our consideration herein strictly to such specific questions raised and included within the appellants' points of error as may be necessary for determination of the case as presented in this appeal. Further, since appellee has filed no brief in this court, we shall accept as correct the statements made by appellants in their brief as to the facts or record in this case. Rule 419, Texas Rules of Civil Procedure.

Appellants have set out in their brief that the appellee testified at the hearing held in the district court on April 1, 1971, that he had sought to express a preference of candidates in the city election in question by means of bumper stickers which he and his wife had placed on their two family automobiles displaying the names of two candidates for the City Commission. One automobile was used primarily by the appellee, and the other was usually driven by his wife who was employed as a nurse at Northwest Texas Hospital. He further stated that while he was on duty, his automobile used in traveling to and from work was normally parked on a parking lot owned by the City of Amarillo. Also, he and his wife would occasionally interchange automobiles, and they desired to have bumper stickers of the type above described on each of their two automobiles. The appellants' brief also sets out that there was testimony to the effect that upon the issuance of the above mentioned direc-

tive by the acting Personnel Director, the appellee removed the bumper stickers from his automobile and their children removed the stickers from the automobile used principally by his wife. The appellee also testified that he was coming to court seeking a remedy to enable him to have an opportunity to express a preference of candidates in the upcoming city election by means of bumper stickers in the event he should desire to do so. Further, the appellants' brief points out that the appellee admitted on cross examination that no one had stopped him from expressing his own opinion, either orally or in writing, and that no charges of any kind had been filed against him. Additionally, in response to questions, he testified, in effect, that neither the City Manager, the acting Personnel Director nor the Street Superintendent had stated that his wife could not place a bumper sticker on her automobile. Also, the appellee's wife testified that no one at the City of Amarillo had either written to her or spoken to her personally advising her that she could not have a bumper sticker on her automobile. The City Manager of the City of Amarillo testified that no charges had been filed by him or through the acting Personnel Director against the appellee with the Civil Service Commission. Also, the City Manager stated that the bumper sticker directive would be enforced only in the event a city employee's automobile bearing such a sticker were parked on a city parking lot during working hours, and that he considered such policy would serve to prevent dissension among city employees.

As previously indicated, there are no allegations or proof before the court of any violation of any city ordinance or personnel directive, but the petition merely alleges and the evidence is to the effect that the appellee is desirous of expressing his preference for candidates by means of displaying a bumper sticker in violation of the directive in the event he should choose to do so. There are no allegations or proof of the initiation of any charges or discipli-nary action against the appellee and no evidence submitted at the hearing that the prohibited bumper stickers were then being displayed by the petitioner.

■ Initially, we have determined to dispose of the jurisdictional question raised in appellants' brief, i. e., whether under the pleadings and facts in this case, the trial court was authorized to hear the petition and enter the injunctive order. In the case of United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1946), the United States Supreme Court dealt with a fact situation quite similar in all essential respects to that presented in this case. In the *United Public Workers* case, certain federal civil service employees had alleged a desire to engage in acts of political management and in political campaigns to persuade others to follow their views by various activities designed to secure selection of particular political choices contrary to the prohibition of the Hatch Act and Civil Service Rules. They did not, however, allege that any prohibition had been violated. These particular civil service employees sought an injunction against members of the United States Civil Service Commission to prohibit them from enforcing against such employees the provision of the Hatch Act which prevented their taking any active part in political management or in political campaigns on the grounds that such provision was repugnant to designated provisions of the Constitution of the United States. The court held that such federal civil service employees, although alleging a desire to engage in acts of political management and in political campaigns contrary to prohibitions in the Civil Service Rule and the Hatch Act, but not alleging a violation of the prohibition, were not entitled to maintain action to enjoin members of the Civil Service Commission from enforcing the prohibition against such employees, and to have such provision of the Hatch Act declared unconstitutional. In that case, the court further pointed out that where there was no allegation that the prohibition has been violated, "such gener-

ality of objection [was] really an attack on the political expediency of the Hatch Act, not the presentation of legal issues," and that it is "beyond the competence of courts to render such a decision." Also, the court noted that under the above described situation in which no violation of any prohibition had been alleged, the employees' personal interest in their civil rights and "the general threat of possible interference with those rights by the Civil Service Commission under its rules, if specified things [were] done by [such employees, did] not make a justiciable case [in which constitutional rights might be adjudicated]." It was further indicated in that decision that such general threat of possible interference with the employees' alleged rights was not sufficient to invoke the court's jurisdiction for the injunctive relief sought, and that the employees were, in effect, seeking an advisory opinion which our courts are not authorized to render. We note, also, that Texas decisions are in accord with the rule that courts may not render advisory decisions. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933); Teer v. McGann, 65 S.W.2d 362 (Tex.Civ.App.—Austin 1933, no writ); State v. Margolis, 439 S.W.2d 695 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.).

In the instant proceeding, since the appellee's pleading has stated his case in hypothetical form, and no violation, reprimand or disciplinary action against him has been alleged or proven, in the light of the foregoing authorities, the appellee, in effect, has sought and secured an advisory decision. It is, therefore, our opinion that the appellee did not present a justiciable controversy and that the trial court was without jurisdiction to consider the appellee's petition or render the decision granting the injunctive relief set out in the court's order. The above holding on the fundamental question of jurisdiction pretermits our reaching any other questions raised in this appeal. Accordingly, the trial court's judgment is reversed and the cause is dismissed.