# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00151-CV

**Edmund Bryan Heimlich, Appellant**

**v.**

**State of Texas, by and through Greg Abbott, the Attorney General,[1] Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. GN100142, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

---

### O P I N I O N

Edmund Brian Heimlich appeals the summary judgment denying his request for damages due to wrongful imprisonment. We will affirm the judgment in part, reverse the judgment in part, and remand the cause for further proceedings.

### BACKGROUND

---

[1] This cause was originally filed against the previous attorney general of Texas, John Cornyn. Greg Abbott has succeeded Cornyn as attorney general and is automatically substituted as a party in this cause. *See* Tex. R. App. P. 7.2(a).

Heimlich was convicted of theft and was sentenced to four years in prison. *Heimlich v. State*, 988 S.W.2d 382, 382 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d). After serving some of his sentence,[2] he was awarded shock probation. *See id*. at 382 n.2. A court of appeals reversed his conviction and rendered a judgment of acquittal based on legal insufficiency of the evidence. *Id.* at 385. The court concluded that he could not have committed theft of a check as charged because he was the owner of the check. *Id*.

Heimlich sued for compensation under constitutional and statutory provisions. He cited several constitutional provisions that he claimed were violated. *See* Tex. Const. art. I,'' 1, 2, 3, 9, 10, 16, 17-19, 28, & 30(2), art. III, ' 51-c. He also sought relief under the statutory provision for compensation for wrongful imprisonment. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 103.001 (West Supp. 2003). He asserted in his amended petition that, despite the revision of the statute by the 2001 Legislature, his petition was brought under the pre-revision code.

The State moved for summary judgment. Noting Heimlich=s insistence on bringing the action under the old code, the State moved for summary judgment based on his failure to show that he had Areceived a full pardon for the crime and punishment for which he was sentenced@as required by the former statute. *See* Act of May 28, 1965, 59th Leg., R.S., ch. 507, ' 2(d) 1965 Tex. Gen. Laws 1022 (recodified 1973, amended 2001) (current version at Tex. Civ. Prac. & Rem. Code Ann. ' 103.001 (West Supp. 2003)). The State attached a copy of the letter from the Board of Pardons & Paroles stating that

---

[2] Heimlich alleges without controversion that he served five months in prison.

Athe Theft offense cannot be pardoned because there is no conviction.@ The State moved for summary judgment against Heimlich=s constitutional claims on grounds that persons may seek only injunctive relief, not monetary damages, for violations of constitutional provisions, citing *Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1995). The State quoted language from a case noting a limited exception to this general rule regarding article I, chapter 17 of the Texas Constitution. *See Ho v. University of Tex. at Arlington*, 984 S.W.2d 672, 687 (Tex. App.CAmarillo 1998, pet. denied); *see also* Tex. Const. art. I, ' 17.

Heimlich opposed the motion, contending that the constitution requires the courts to remain open and that he had a common-law right to enforce the bill of rights. He argued that the requirement of a full pardon was not mandatory.

The district court granted the State=s motion for summary judgment.

**DISCUSSION**

Heimlich appeals, contending that the district court placed form over substance, that section 103.001 is an unconstitutional limitation on his right to recover under article III, section 51-c of the Texas Constitution, that he met the substance of the requirement of a full pardon by showing he was acquitted of the offense, and that an element of the State=s motion was defeated by its own admission that a monetary remedy existed for violations of the takings clause of the Texas constitution, article I, section 17. He also contends that the confiscation of the funds from the disputed check constitutes an illegal tax. He finally complains that the court did not allow him sufficient time for discovery.

Because these complaints overlap, we will consider them together as they apply to the various asserted grounds for recovery. Because the summary judgment was based on questions of law, we

review the trial court=s decision de novo. *See Fulton v. Associated Indem. Corp.*, 46 S.W.3d 364, 366 (Tex. App.CAustin 2001, pet. denied).

**Constitutional complaints**

Heimlich correctly notes that the supreme court acknowledged in *Bouillion*, and the State agrees, that actions for monetary recovery exist under the takings clause. *Id*. at 149 (AThe text of section 17 waives immunity only when one seeks adequate compensation for property lost to the State.@); *see also* Tex. Const. art. I, sec. 17. The district court accordingly erred by granting summary judgment against Heimlich=s section 17 claim based on the State=s assertion that the Texas Constitution does not, as a matter of law, support claims for monetary damage.

None of Heimlich=s other claims for damages from constitutional violations survives. His arguments do not overcome the supreme court=s analysis that the Texas Constitution does not generally provide for a right of monetary recovery. *See Bouillion*, 896 S.W.2d at 148-49.[3] He does not point to authority for monetary damages based on constitutional violations other than those involving article I, chapter 17. Heimlich argues that he can recover under article III, section 51-c, which provides as follows:

> The Legislature may grant aid and compensation to any person who has heretofore paid a
> fine or served a sentence in prison, or who may hereafter pay a fine or serve a sentence in

[3] The supreme court notes that we must consider the constitution in light of the contemporaneous legal climate, and also notes that sovereign immunity has been cited as support for the absence of a right to seek monetary damages for constitutional violations. *See Bouillion*, 896 S.W.2d at 148. Sovereign immunity was recognized by the supreme court of the Republic of Texas. *Board of Land Comm=rs v. Walling*, Dall. 524, 525-26 (Tex. 1843). Sovereign immunity was also recognized early in statehood. *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847).

**4**

prison, under the laws of this State for an offense for which he or she is not guilty, under such regulations and limitations as the Legislature may deem expedient.

Tex. Const. art. III, ' 51-c. This section plainly makes the provision of aid and compensation optional and contingent on Legislative action. Thus, this section does not create an absolute, independent constitutional right to monetary recovery.

**Statutory provision**

The Legislature has exercised its constitutional authority to create a system whereby wrongfully imprisoned persons might be compensated under limitations it deems expedient. *See* Tex. Const. art. III, ' 51-c; Tex. Civ. Prac. & Rem. Code Ann. '' 103.001-.154 (West 1997 & Supp. 2003). Although Chapter 103 was extensively revised in 2001 before the State=s summary-judgment motion was filed, Heimlich insisted at trial that he was proceeding under Chapter 103 as it stood before the amendments. The State=s motion for summary judgment addresses only the grounds under the former statute.

On appeal, Heimlich argues that the district court erred by granting summary judgment against his claims because the court of appeals reversed his conviction on grounds that he did not commit a crime; he is thereby essentially claiming that he has Abeen granted relief on the basis of actual innocence of the crime.@ Receiving relief based on actual innocence is an additional basis for compensation under the amended statute. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 103.001(a)(2)(B) (West Supp. 2003). The amended statute applies to this case because the Legislature specified that the amendments apply to all actions Apending on that effective date and in which the trial, or any new trial or retrial following motion,

**5**

appeal, or otherwise begins on or after that effective date.@ Act of May 26, 2001, 77th Leg., R.S., ch. 1488, ' 4(a)(2), 2001 Tex. Gen. Laws 5280, 5284. There is no provision for electing to proceed under the former statute. *See id*. The statute was effective June 15, 2001. *See id*. The State filed its motion for summary judgment on November 29, 2001, and the court granted that motion on January 8, 2002. Thus, despite surplusage in Heimlich=s pleadings to the contrary, the amended statute applies because trial in this case had not begun on the effective date of the amendment. *See id*. Moreover, Heimlich=s pleadings are sufficient to state a claim under the amended statute. Accordingly, we conclude that the district court erred by granting summary judgment against his claim for recovery under section 103.001.

## CONCLUSION

Having considered all of Heimlich=s complaints, we reverse the summary judgment granted against Heimlich=s claims for compensation under article I, section 17 of the Texas Constitution and under Texas Civil Practice and Remedies Code section 103.001. We affirm the summary judgment in all other respects. We remand the cause for further proceedings.

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed:   January 30, 2003