# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00827-CV

**Appellant, State of Texas// Cross-Appellant, Edmund Bryan Heimlich**

**v.**

**Appellee, Edmund Bryan Heimlich// Cross-Appellee, State of Texas**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT**
**NO. GN100142, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Edmund Bryan Heimlich obtained a district court judgment against the State awarding him over $600,000 in actual damages. Virtually all of the damages were based on claims Heimlich had asserted under Texas's wrongful-imprisonment statute, chapter 103 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann.§§ 103.001-.154 (West 2005 & Supp. 2007).[1] Chapter 103 waives sovereign immunity and authorizes claims against the State for compensation where the claimant (1) "has served in whole or in part a sentence in prison under the laws of this state," and, in relevant part, (2) "has been granted relief on the basis of actual innocence for the crime for which the person was sentenced." Tex. Civ. Prac. & Rem. Code Ann. § 103.001(a). Heimlich based his chapter 103 claim on his imprisonment pending his appeal of a theft conviction in which

---

[1] For convenience, we will cite to the current version of the statute except when substantive differences in an applicable prior version are relevant.

he ultimately obtained a reversal on legal-insufficiency grounds. Heimlich also recovered roughly $10,000 under a takings claim under article I, section 17 of the Texas Constitution. The State has appealed the judgment, contending that Heimlich's claims are barred by sovereign immunity.

In *State v. Young*, we determined that the legislature in chapter 103 intended to waive sovereign immunity only for claimants who obtained habeas corpus relief from their convictions based on "actual innocence." No. 03-07-00572-CV, ___ S.W.3d___, ___ (Tex. App.—Austin July 31, 2008, no pet. h). *Young* controls here and, under its analysis, Heimlich's wrongful-imprisonment claim is barred by sovereign immunity. We also conclude that Heimlich's takings claim is supported by legally insufficient evidence. Accordingly, we will reverse and render judgment dismissing Heimlich's wrongful-imprisonment claim for want of subject-matter jurisdiction, and that Heimlich take nothing on his takings claim.

## BACKGROUND

The circumstances giving rise to this appeal are summarized in *Heimlich v. State*, 988 S.W.2d 382 (Tex. App.—Houston [14th Dist.] 1999, pet. denied), and *Heimlich v. State*, 107 S.W.3d 643 (Tex. App.—Austin 2003, no pet.). Heimlich, a licensed real estate broker, was charged with felony theft in connection with a dispute with an associated real estate salesperson involving a $5,050 commission check. The salesperson received the commission check for funds owed to him. However, the commission check was made payable to Heimlich because he was the salesperson's sponsoring broker. *Heimlich*, 988 S.W.2d at 382-83 & n.3. The salesperson allegedly was induced by Heimlich to surrender the commission check to Heimlich in exchange for a post-dated check from Heimlich paying the salesperson the commission amount. *Id.* at 382-83; *id.*

2

at 385-86 (Hudson, J., dissenting). Heimlich endorsed the commission check made out to him, and the funds were deposited in his bank account. Heimlich later issued an order to stop payment on the post-dated check he had written and given to the salesperson in exchange for the commission check. *Id*. at 383. Concerned that he would not receive his commission, the salesperson filed a complaint with the check fraud division of the Harris County District Attorney's office. The bank subsequently placed a hold on the funds in Heimlich's account, and a district judge later signed a warrant authorizing the seizure of the disputed funds, which were placed in the court's registry. *Id.*

Heimlich was prosecuted for theft of property with a value between $750 and less than $20,000. *Id.* The State's theory at trial was that the salesperson had been the owner of the commission check made payable to Heimlich because the salesperson was entitled to the commission the check was written to pay, and that Heimlich had acted with intent to deprive the salesperson of his commission when he induced the salesperson to surrender the check in exchange for a check from Heimlich on which he ultimately stopped payment. A jury found Heimlich guilty of theft, and he was sentenced to four years in prison. Heimlich appealed, challenging his conviction on grounds that included legally insufficient evidence that he committed theft. *Id.*

A panel of the Fourteenth Court of Appeals, with one justice dissenting, reversed the judgment of conviction and rendered a judgment of acquittal. The majority acknowledged that "[t]he State demonstrated at trial that Heimlich was having difficulty in making the rental fees for his office space," and that "[h]e had apparently represented to the landlord that he had a sum of approximately $5,000 owed to him, and that he would use the sum to pay his arrearages." *Id.* However, it concluded that the evidence was legally insufficient to demonstrate Heimlich appropriated property

3

"owned" by the salesperson, an essential element of theft. *Id.* at 384. The majority reasoned that the sole evidence of any property "owned" by the salesperson that Heimlich had appropriated was the commission check itself, and "[w]hile the complainant may have actually possessed the piece of paper called a 'check,' Heimlich remained the only person with a legal ownership interest in the thing of value the check signified—*the order to pay $5050*."[2] *Id.* It acknowledged that "[o]bviously, Heimlich could have appropriated the money by gaining possession of the commission funds, using them for his own personal use, and refusing to tender payment to the complainant in the amount and at the time called for in their contract," but that he could not have done so because the bank had placed a stop on Heimlich's account before he obtained use of the funds. *Id.* at 385. Although acknowledging that "the situation raised somewhat of a catch-22," the majority observed that "the complainant's swift action may have been the factor that kept Heimlich from committing the alleged crime." *Id.* at 385 n.8.

During the pendency of the appeal from his criminal conviction, it is not disputed that Heimlich served a portion of his sentence in prison. *Heimlich*, 107 S.W.3d at 644 & n.2. In 2001, Heimlich filed suit against the State in Travis County district court seeking compensation under chapter 103 of the civil practice and remedies code. At the time Heimlich initially filed suit, chapter 103 authorized claims for compensation related to wrongful imprisonment if the claimant:

---

[2] The commission check was, in fact, made payable to Heimlich. There was no indication on the check itself that the salesperson had any interest in the funds ordered to be paid by the check.

(1)  has served in whole or in part a sentence in prison under the laws of this state;

(2)  pleaded "not guilty" to the charge for which he was convicted and that led to the imprisonment;

(3)  is not guilty of the crime for which he was sentenced; and

(4)  has received a full pardon for the crime and punishment for which he was sentenced.

Act of May 17, 1985, 69th Leg., R.S., ch. 959, 1985 Tex. Gen. Laws 3242, 3307.

Meanwhile, during its 77th Regular Session in 2001, the legislature extensively revised chapter 103. Act of May 26, 2001, 77th Leg., R.S., ch. 1488, 2001 Tex. Gen. Laws 5280. Among other key changes, compensation claims were authorized for persons who had "served in whole or in part a sentence in prison under the laws of this state," and *either* "received a full pardon *on the basis of innocence* for the crime for which the person was sentenced" *or* was "*granted relief on the basis of actual innocence* for the crime for which the person was sentenced." Act of May 26, 2001, 77th Leg., R.S., ch. 1488, § 1, sec. 103.001, 2001 Tex. Gen. Laws 5280, 5280 (now codified at Tex. Civ. Prac. & Rem. Code Ann. § 103.001(a)) (emphasis added). The amendments were made applicable to pending suits. Act of May 26, 2001, 77th Leg., R.S., ch. 1488, § 4, 2001 Tex. Gen. Laws 5280, 5284. Also during the pendency of his suit, the counsel who had filed Heimlich's original petition withdrew. Heimlich, now acting pro se, subsequently filed an amended petition asserting claims for damages under numerous constitutional provisions, including article I, section 17 of the Texas Constitution. Regarding his chapter 103 claim, Heimlich acknowledged that the legislature had amended the statute but pled that "[t]his action is brought

5

under the code as it existed prior to revision," although he purported to "reserve the right to re-file his claim under the revised code if redress and remedy should be denied to him."

The State filed a traditional motion for summary judgment. "Noting Heimlich's insistence on bringing the action under the old code," *Heimlich*, 107 S.W.3d at 644, the State relied solely on the ground that Heimlich had not "received a full pardon for the crime and punishment for which he was sentenced," as had been required under the former statute. As for Heimlich's constitutional damage claims, the State's motion relied on the principle that "the Texas Bill of Rights, with the exception of Section 17 of Article I, are self-executing to the extent that a party may only seek injunctive relief for violations of those rights." *Ho v. University of Tex. at Arlington*, 984 S.W.2d 672, 687 (Tex. App.—Amarillo 1998, no writ) (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1995)). The district court granted the State's motion without stating its grounds and rendered final judgment dismissing Heimlich's suit. Heimlich appealed to this Court.

This Court affirmed the district court's judgment in part and reversed and remanded in part. While affirming the dismissal of Heimlich's other constitutional claims in light of *Bouillion*, the Court held that summary judgment was error as to his taking claim under article I, section 17 "based on the State's assertion that the Texas Constitution does not, as a matter of law, support claims for monetary damages." *Heimlich*, 107 S.W.3d at 645. The Court also reversed summary judgment on Heimlich's chapter 103 claim. The Court emphasized that the amended version of chapter 103 governed the case, that "[t]here is no provision for electing to proceed under the former

6

statute," and that "[t]he State's motion for summary judgment addresses only the grounds under the former statute." *Id.* at 645-46.

The Court further suggested that "[o]n appeal, Heimlich argues that the district court erred by granting summary judgment against his claims because the court of appeals reversed his conviction on grounds that he did not commit a crime; he is thereby essentially claiming that he has 'been granted relief on the basis of actual innocence of the crime.'" *Id.* In the context of this discussion, the Court also stated, "Heimlich's pleadings are sufficient to state a claim under the amended statute." *Id.* at 646.

The cause was remanded to the district court. Heimlich, still representing himself, filed an amended petition explicitly invoking the amended version of chapter 103. He also filed a motion for partial summary judgment that he was entitled to compensation under chapter 103.[3] Heimlich cited the fact that he had served part of his sentence in prison and argued that he had "been granted relief on the basis of actual innocence" when the Fourteenth Court of Appeals reversed his criminal conviction on legal-sufficiency grounds. In support of that argument, Heimlich cited, among other things, this Court's prior opinion, which he contended established that proposition as law of the case. In response, the State conceded that Heimlich had "served . . . a sentence in prison under the laws of this state," but disputed that, as a matter of statutory construction, the Fourteenth Court of Appeals' reversal of Heimlich's conviction on legal-sufficiency grounds

---

[3] Heimlich styled this a motion for "no evidence" summary judgment but, in substance, it is essentially a traditional motion presenting a statutory-construction issue. The State has not complained that Heimlich's characterization of the motion improperly shifted the summary-judgment burden or otherwise rendered it inappropriate.

constituted "relief on the basis of actual innocence." *See* Tex. Civ. Prac. & Rem. Code Ann. § 103.001(a). After requesting additional briefing on "the definition of Actual Innocence," the district court granted Heimlich's motion.

The parties proceeded to a bench trial, at which Heimlich was represented by counsel.[4] The district court ultimately rendered final judgment awarding Heimlich a total of $660,605.74. Nearly all of these damages were awarded as compensation to which the court found Heimlich to be entitled under chapter 103, including $400,000 in lost wages, $76,139.30 in attorney's fees, and approximately $120,000 in prejudgment interest. The district court rejected Heimlich's attempts to recover several hundred thousand dollars in additional consequential damages related to lost profits or business, concluding that Heimlich's evidence was legally insufficient.

The court also awarded $5,050 "[f]or Property Unconstitutionally Taken . . . pursuant to Art. I, § 17 of the Texas Constitution," plus prejudgment interest on that sum, for a total of $10,751.94. The district court rejected attempts by Heimlich at trial to recover his other claimed damages under article I, section 17, ruling that he had pled only for the taking of the $5,050 representing the amount of funds seized from his bank account.[5]

---

[4] Heimlich's trial counsel also served as appellate counsel to Mr. Young in *State v. Young*, No. 03-07-00572-CV, \_\_\_ S.W.3d \_\_\_ (Tex. App.—Austin July 31, 2008, no pet. h.).

[5] Curiously, Heimlich's live petition actually appears to be confined to a chapter 103 claim and does not explicitly mention a takings claim under article I, section 17 of the Texas Constitution. In fact, in his summary-judgment filings, Heimlich had stated that his takings claim "is not an issue before this court in this Action or at this time in this [summary-judgment] hearing and will be addressed in GN200857," evidently a second lawsuit that Heimlich had filed. Nonetheless, the State conceded at trial that Heimlich was attempting to allege a takings claim based on the seizure of the $5,050 in funds from his bank account.

The State filed a motion to modify the judgment or for new trial. The State argued that Heimlich's suit was barred by sovereign immunity because the reversal of Heimlich's conviction on legal-sufficiency grounds did not constitute "relief on the basis of actual innocence" so as to fall within chapter 103's waiver of sovereign immunity. Consequently, the State urged, Heimlich was not entitled to any damages. In the alternative, the State argued that the damages awarded by the district court exceeded those for which the legislature had waived sovereign immunity in chapter 103. The district court denied the motion by written order. The State appealed.

**ANALYSIS**

The State brings three issues on appeal. In its first issue, the State argues that chapter 103 of the civil practice and remedies code did not waive its sovereign immunity from claims for wrongful-imprisonment compensation by persons who, like Heimlich, were acquitted on the basis of legal insufficiency of the evidence. Assuming that its immunity is waived in such cases, the State urges, in its second issue, that the district court awarded Heimlich damages beyond the scope of chapter 103's waiver. In its third issue, the State contends that Heimlich failed to prove a cognizable takings claim under the Texas Constitution and that his claim, though purportedly based on article I, section 17, is barred by sovereign immunity.

Heimlich has filed a cross-appeal. He brings several issues complaining that the district court erred in refusing to award him an additional $707,741 on his claims.[6]

---

[6] Heimlich, once again representing himself, also makes assertions to the effect that the State has "waived" various appellate arguments by its alleged refusal to accept a settlement offer at some point during the proceedings below, by alleged "stipulations" at trial, or because it did not take an interlocutory appeal on its jurisdictional issue. He also seems to assert that various legal issues became "final" in the district court and are beyond our power to review. Heimlich has also filed a

9

**Chapter 103 claim**

Whether Heimlich can recover compensation under chapter 103 turns on whether he "has been granted relief on the basis of actual innocence for the crime for which the person was sentenced" so as to come within the statute's waiver of sovereign immunity. *Id.* § 103.001(a); *see id.* § 103.101(a). As a threshold matter, Heimlich asserts that his right to bring his claim under chapter 103 was established as law of the case by this Court's prior decision reversing and remanding the cause.[7] He emphasizes the Court's statement that "Heimlich's pleadings are sufficient to state a claim under the amended statute," *Heimlich*, 107 S.W.3d at 646, which he construes as a holding that his claims are within the statute's waiver and are not barred by sovereign immunity. As we explained in *Young*, however, the statements on which Heimlich relies were dicta to the extent they could be construed as addressing whether Heimlich "has obtained relief based on actual innocence." ___, S.W.3d at ___. The doctrine of law of the case is not implicated here. *See Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.*, 217 S.W.3d 653, 662 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

---

motion to dismiss the State's appeal on some of these grounds and also on grounds that intervening statutory changes have "abolished" "cognizable ground for appeal." These contentions are without merit, and we overrule Heimlich's motion to dismiss. We similarly overrule Heimlich's motion for sanctions.

[7] Heimlich also asserts that the Court's prior opinion held that the State was *liable* to him under both his chapter 103 claim and his takings claim. To the contrary, the Court held only that the *summary judgment* that the State was *not liable* under those claims should be reversed and remanded the cause for further proceedings. *Heimlich v. State*, 107 S.W.3d 643, 645-46 (Tex. App.—Austin 2003, no pet.). Thereafter the burden remained with Heimlich to prove the State's liability under the correct version of the statute as well as any damages in order to recover on his claims.

10

To support his claim that he "has been granted relief based on actual innocence," Heimlich has relied on the Fourteenth Court's reversal of his theft conviction based on legally insufficient evidence and an expunction order he subsequently obtained from a Harris County district court. He also appears to argue that "actual innocence" is a fact issue that was determined in his favor by the district court. *Young* forecloses Heimlich's claim. Heimlich did not obtain relief from his theft conviction based on "actual innocence,"[8] much less obtain habeas corpus relief from his theft conviction on that ground. ___ S.W.3d at ___. Consequently, he has not "been granted relief on the basis of actual innocence for the crime for which the person was sentenced," as the legislature used that phrase in chapter 103 of the civil practice and remedies code. We are bound to give effect to the legislature's intent. Accordingly, sovereign immunity bars Heimlich's claims for damages from wrongful imprisonment. We sustain the State's first issue. And, because Heimlich can thus recover no damages under chapter 103, we overrule the parties' issues regarding the amount of damages the district court awarded.[9]

---

[8] In addition to relying on his acquittal based on legal insufficiency of the evidence, Heimlich cites language from his expunction order that he portrays as an "actual innocence" determination: the charges were "dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void." These concepts relate to the State's burden of proof at trial or related procedural requirements, not "actual innocence" as it is known in Texas law.

[9] For the same reasons, we dismiss as moot Heimlich's motion for judicial notice of a "legislative fact" relating to the damages recoverable under chapter 103, as well as the State's motion to strike Heimlich's filing.

**Takings claim**

In its third issue, the State contends that the district court erred in awarding damages under Heimlich's takings claim under article I, section 17 of the Texas Constitution. Sovereign immunity does not shield the State from a claim based upon a taking under article I, section 17 of the Texas Constitution. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). However, the State argues that, for several reasons, Heimlich's ostensible "takings" claim is in fact not cognizable under article I, section 17, and, therefore, is a damages claim that is barred by sovereign immunity. While phrasing its issue in jurisdictional terms, the substance of the State's contentions is that there was legally insufficient evidence of the elements of a takings cause of action.[10]

The takings clause directs that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Tex. Const. art. I, § 17. A takings cause of action consists of three elements: (1) an intentional act by the government under its lawful authority; (2) resulting in a taking of the plaintiff's property; and (3) for public use. *See Holland*, 221 S.W.3d at 643; *City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004); *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 599 (Tex. 2001). We need only consider the second element—whether the State's actions resulted in a "taking" of *Heimlich*'s property.

The subject matter of Heimlich's takings claim is $5,050 in funds—representing the amount of the disputed commission check—that were seized from Heimlich's bank account in

---

[10] To the extent that Heimlich is still contending, as he did in the district court, that he could be entitled to takings damages beyond the $5,050 amount, we conclude that the district court did not err in denying that recovery.

connection with his criminal prosecution. The funds were seized pursuant to a warrant, signed by a Harris County district judge, and were deposited into the court's registry. *Heimlich*, 988 S.W.2d at 383. These actions were expressly based on article 18.16 of the code of criminal procedure, "Preventing consequences of theft," which provides:

> Any person has a right to prevent the consequences of theft by seizing any personal property that has been stolen and bringing it, with the person suspected of committing the theft, if that person can be taken, before a magistrate for examination, or delivering the property and the person suspected of committing the theft to a peace officer for that purpose. To justify a seizure under this article, there must be reasonable ground to believe the property is stolen, and the seizure must be openly made and the proceedings had without delay.

Tex. Code Crim. Proc. Ann. art. 18.16 (West 2005). Heimlich characterized the seizure of the funds as actions as theft of his property under color of law, and testified that he never recovered them. Beyond this, the record is silent regarding the Harris County district court's ultimate disposition of the seized funds in light of the competing claims of ownership apparent in his criminal case. Contrary to Heimlich's understanding, the Fourteenth Court of Appeals did not decide that Heimlich owned these *funds*, as opposed to the "piece of paper called [the commission] 'check.'" *Heimlich*, 988 S.W.2d at 384-85. Instead, the court acknowledged that "Heimlich could have appropriated the money by gaining possession of the commission funds, using them for his own personal use, and refusing to tender payment to the complainant" but that he had been prevented from any such actions by "the bank plac[ing] a stop on Heimlich's account before he obtained use of the funds." *Id.* at 385.

On this record, Heimlich's assertions that he has a right to the seized funds that could be a basis for a takings claim is, at best, speculative, and cannot support the judgment awarding him

damages under that theory.  Tex. Code Crim Proc. Ann.. art. 59.01(2)(C), .06, .08, .12 (West 2007); *see City of Keller v. Wilson*, 168 S.W.3d 802, 830 (Tex. 2005).  We sustain the State's third issue.

## CONCLUSION

We reverse the district court's judgment awarding damages to Heimlich under chapter 103 of the civil practice and remedies code, and render judgment dismissing that claim for want of subject-matter jurisdiction.  We also reverse the judgment of the district court awarding damages under article I, section 17 of the Texas Constitution, and render judgment that Heimlich take nothing.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Reversed and Rendered

Filed:   July 31, 2008

14