The STATE of Texas, Appellant,

v.

Harry W. MARGOLIS et al., Appellees.

No. 11654.

Court of Civil Appeals of Texas.

Austin.

March 26, 1969.

Rehearing Denied April 16, 1969.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Exec. Asst. Atty. Gen., J. C. Davis, W. O. Shultz, Pat Bailey, Asst. Attys. Gen., Austin, for appellant.

Berman & Fichtner, Harold B. Berman, Dallas, for appellees.

O'QUINN, Justice.

Appellees sought and obtained a declaratory judgment in district court holding that they did not violate State statutes, prohibiting monopolies, trusts, or conspiracies in restraint of trade, by operating a merchandising conception designed to avoid the restraints of a penal statute making it unlawful for any person to sell certain goods on both of the two consecutive days of Saturday and Sunday.

The State of Texas, defendant below, has appealed from this judgment and contends that appellees are engaged in a monopoly or trust that fixes, maintains, affects, or controls prices and that their activity tends to lessen competition. The State also urges that the statute under which this suit was brought for a declaratory judgment violates provisions of the State Constitution forbidding the rendition of advisory opinions by the courts.

Appellees are individuals and corporations engaged in an arrangement under which Sundaco, Inc., a retail store entity organized for the purpose of making the arrangement, is open for business only on Sundays, and the other appellee corporations are open only on Mondays through Saturdays. The purpose of this system of merchandising is to avoid violation of Article 286a, Vernon's Ann. Texas Penal Code, which makes unlawful the sale by any person of certain goods on both Saturday and Sunday. The plan operates by means of contracts under which Sundaco each Saturday night acquires from the other appellee corporations all merchandise in their stores and, after conducting business through Sunday, returns the stores to the corporations that operate the remaining days of the week. Profits made on Sunday are divided between Sundaco and the other corporations.

Appellees brought suit for declaratory judgment under Section 15.12 of the Texas Business and Commerce Code, V.T.C.A. which purports to authorize suit when petitioner is " * * * uncertain of whether or not his action *or proposed action* violates or *will violate* the prohibition contained in Section 15.04 of this code * * * " (Emphasis supplied). Section 15.04 of the code prohibits all monopolies, trusts, and conspiracies in restraint of trade and declares such combinations illegal.

We have decided that because there is absent from the record any showing that a presently justiciable controversy exists between the State and the appellees, any judgment under the record would be an advisory opinion the courts are not authorized to render. We do not reach the State's points of error as to price control and lessening competition, and will notice only briefly the point under which validity of Section 15.12 is challenged. We will order the cause dismissed.

Appellees alleged the following with regard to the existence of a presenty justiciable controversy:

"The Defendant, The State of Texas, acting under its Attorney General and/or District Attorney of Tarrant County, Texas, and other Counties in which a corporate Plaintiff has operations, has contended that the actions and/or proposed actions of all of the Plaintiffs, their agents and employees, violate or will violate the prohibitions contained in Section 15.04 of the Business and Commerce Code. It is contended by said Defendant that said actions or proposed actions of the Plaintiffs, their employees and agents, constitute a monopoly, trust, and/or conspiracy in restraint of trade, as defined in Section 15.01, 15.02, and 15.03, of the Business and Commerce Code. That by reason of said actions and/or proposed actions, the Plaintiffs are subject to the civil and criminal penalties provided for in Section 15.29 through Section 15.33 of the Business and Commerce Code. Further, said Defendant has indicated its intention to

proceed against the Plaintiffs pursuant to said penalty provisions of said Code, which has given rise to a bona fide controversy and created justiciable issues which the Court has authority to determine."

At the trial no evidence was introduced and none was offered by appellees to prove any of the allegations set out above. If the State had "indicated its intention to proceed against the plaintiffs" and invoke the penalty provisions of the code, as appellees alleged in their petition, such intention is not reflected in the record. The State filed an answer to the petition, specially denying numerous allegations, and generally denied each and every allegation in the petition. The State by its answer did not seek penalties, nor did the State pray for injunctive relief to restrain appellees. The State's answer was in all respects purely defensive.

■ The State's general denial put appellees in the position of having to prove every material fact of their cause of action. Boswell v. Handley, 397 S.W.2d 213 (Tex. 1965). The burden was upon appellees to establish that the trial court had authority to entertain the suit by proving that a justiciable controversy existed. Reuter v. Cordes-Hendreks Coiffures, Inc., 422 S.W. 2d 193 (Tex.Civ.App., 1967, Houston (14th Dist.), no writ).

■ Section 15.12, in which it is provided that a person " * * * uncertain of whether or not his action or proposed action violates or will violate * * *" Section 15.04 of the code is authorized to file suit against the state for declaratory judgment, cannot confer upon the courts power to render an advisory opinion to the person who is "uncertain" as to the legality of his actions or proposed actions. Even in declaratory actions, the courts may render opinions only if there exists a justiciable controversy between the parties. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960); Lee v. Calvert, 356 S.W.2d 840 (Tex.Civ.App.,

1962, Austin, writ ref. n. r. e.). It is the duty of the court to decide whether a justiciable controversy exists. Ainsworth v. Oil City Brass Works, 271 S.W.2d 754 (Tex.Civ.App., 1954, Beaumont, no writ).

■ The Supreme Court recently declared, "In the absence of a constitutional provision authorizing the Texas courts to render advisory opinions, such power does not exist and may not be conferred by agreement of the parties." Firemen's Insurance Company of Newark, New Jersey v. Burch, 12 Tex.Sup.Ct.Jour. 49 (October 11, 1968).

The State contends that Section 15.12 of the Business and Commerce Code is unconstitutional in providing for declaratory judgments where there is a lack of justiciable controversy. "The provisions of Section 15.12," the State argues, "which authorize the courts to consider the prospective actions of an individual expressly negates the necessity of their [there] being a justiciable controversy ripe for determination."

■ We agree with the State that insofar as Section 15.12 purports to empower courts to pass on prospective actions, the statute contravenes the provisions of Section 1, Article II, of our State Constitution, Vernon's Ann.St. prescribing separation of powers. The courts of this State, because of this provision of the Constitution, are prohibited from rendering advisory opinions and the power may not be conferred by the Legislature. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 646 (1933).

Appellees argue in response to the State's contention, that the State's " * * * argument is made * * * after ten continuous months of litigation before the trial court, both in pretrial procedures and in trial and post trial procedures, after a trial of approximately three and a half days, filling approximately four hundred and forty-five pages of a statement of facts and after the preparation of a brief * * *" in this Court. "The justiciable

controversy," appellees say, "between the appellant and the appellees is obvious from the record before this Court."

We do not agree with appellees that a justiciable controversy, required to be pleaded and proved, is obvious from the record. As we have observed, appellees alleged in their petition, as a basis for showing a justiciable controversy, that the State "has indicated its intention to proceed against the Plaintiffs pursuant to said penalty provisions of said Code, which has given rise to a bona fide controversy and created justiciable issues which the Court has authority to determine."

It is obvious from the record that appellees filed their petition seeking advice from the courts because they were "uncertain of whether or not [their] action or proposed action" in carrying on the Sundaco scheme "violates or will violate" Section 15.04 prohibiting monopolies, trusts, and conspiracies in restraint of trade. Even if all but the prospective aspects of Section 15.12 are valid, and we do not decide that question, the suit for declaratory judgment will not lie unless proof is made of a bona fide threat of interference by the State invoking the anti-trust laws.

Discretion rests with the Attorney General as to whether anti-trust suits will be brought by the State to interdict the Sundaco operations and invoke penalties. The record is devoid of any showing that appellees had been ordered to discontinue their operations. There is no evidence of a threat to interfere with Sundaco activities as a violation of Section 15.04. No threat of interference by the State with the rights of appellees appears beyond that implied by the existence of the statute and the State's answer defending against the petition for declaratory judgment. Appellees may not compel the Attorney General to exercise his discretion by filing suit for declaratory judgment.

The power of courts to pass upon the "uncertainty" appellees have with regard to their actions will arise only when the interest of appellees require the use of judicial authority for their protection against actual interference. A threat that is only hypothetical is not enough. United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947). In Hitchcock v. Kloman, 196 Md. 351, 76 A.2d 582 (1950) the Court of Appeals of Maryland refused to entertain suit for declaratory judgment in the absence of a threat to interfere with activities of petitioner, although the attorney general had delivered opinions that similar activities came within the state statute petitioner asked the court to construe. There it was held that mere existence of the statute did not pose such a threat as to present a justiciable controversy.

In the absence of proof that there existed a justiciable controversy, the courts are without jurisdiction. For the reasons we have stated, this cause is dismissed for want of jurisdiction.

Dismissed for want of jurisdiction.