TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00502-CV







Lone Starr Multi Theatres, Inc., a Texas Corporation,


d/b/a Cinema West, Appellant



v.



State of Texas and Dan Morales, Attorney General of


the State of Texas, in His Official Capacity Only, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 94-15302, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Lone Starr Multi Theatres, Inc. appeals from a trial-court judgment that dismissed
for want of jurisdiction Lone Starr's suit for declaratory and injunctive relief against the State of
Texas and the Attorney General, Dan Morales. We will affirm the trial-court judgment.



THE CONTROVERSY


 Lone Starr sued for a declaratory judgment that the obscenity statutes, found in
sections 43.21-43.26 of the Texas Penal Code, are unconstitutional. See Tex. Penal Code Ann.
§§ 43.21-.26 (West 1994); Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code
Ann. §§ 37.001-.011 (West 1986) (the "UDJA"). In addition, Lone Starr prayed to enjoin
enforcement of the statutes. See Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West 1986 &
Supp. 1996). Appellees challenged the jurisdiction of the district court on two grounds: (1) Lone
Starr's pleadings did not meet the jurisdictional requirements laid down in State v. Morales, 869
S.W.2d 941 (Tex. 1994); and (2) a declaratory judgment would not terminate the controversy
between the parties as required by section 37.008 of the UDJA. The trial court denied the plea
on the first ground, finding subject matter jurisdiction under Morales, but sustained the plea on
the second ground and dismissed the cause of action.

 Lone Starr contends on appeal that the trial court abused its discretion in
determining that no justiciable controversy existed under the UDJA. The Attorney General
contends in a cross-point that the trial court erred in determining that it had jurisdiction under
Morales.



DISCUSSION AND HOLDINGS


 A civil court, sitting in equity, does not have jurisdiction to declare a criminal
statute unconstitutional and enjoin its enforcement unless:



(1) there is evidence that the statute at issue is unconstitutionally applied by a rule,
policy or other noncriminal means subject to a court's equity powers and
irreparable injury to property or personal rights is threatened; or (2) the
enforcement of an unconstitutional statute threatens irreparable injury to property
rights.



Morales, 869 S.W.2d at 942 (emphasis in original); see also Passel v. Fort Worth Indep. Sch.
Dist., 440 S.W.2d 61, 63-64 (Tex. 1969), cert. denied, 402 U.S. 968 (1971). We believe this
jurisdictional rule necessarily, albeit implicitly, imposes a requirement that the party responsible
for enforcement of the allegedly unconstitutional statute, either by prosecution or by promulgation
of a rule adopted for the purpose of implementing such statute, must be the defendant against
whom suit for declaratory or injunctive relief is brought. See Passel, 440 S.W.2d at 64 (finding
jurisdiction in suit to enjoin school board from enforcing administrative regulation it adopted for
purpose of implementing criminal statute); City of San Antonio v. Rankin, 905 S.W.2d 427, 429
(Tex. App.--San Antonio 1995, no writ) (finding jurisdiction in suit against City of San Antonio
for declaratory and injunctive relief against enforcement of city's ethics ordinance); cf. Crouch
v. Craik, 369 S.W.2d 311, 315 (Tex. 1963) (holding trial judge could not enjoin district attorney
from prosecuting violations of a penal statute that was not unconstitutional).

 A requirement that a party with authority to enforce a particular statute be named
in a suit to declare the statute unconstitutional is essential to effectuate the well-settled principle
that courts are without jurisdiction to render advisory opinions. In a declaratory judgment action,
there must exist between the parties a justiciable controversy that will be determined by the
judgment; otherwise the judgment amounts to no more than an advisory opinion, which a court
does not have the power to give. Southwest Airlines v. Texas High-Speed Rail Auth., 863 S.W.2d
123, 125 (Tex. App.--Austin 1993, writ denied); see also State v. Margolis, 439 S.W.2d 695, 698
(Tex. Civ. App.--Austin 1969, writ ref'd n.r.e.) (suit for declaratory relief against attorney general
dismissed for want of jurisdiction because no showing attorney general had enforced anti-trust
laws). Similarly, all parties against whom an injunction must run in order to be effective should
be named in a suit for injunctive relief. Injunctions may not issue unless it is shown that the
respondent will engage in or is engaging in the activity sought to be enjoined. Morales, 869
S.W.2d at 946 (citations omitted).

 Under these rules, the trial court in the present cause was without jurisdiction to
declare the obscenity statutes unconstitutional and enjoin their enforcement because authority to
enforce the statutes is constitutionally vested not in the attorney general but in district and county
attorneys. See Tex. Const. art. V, § 21. Nothing in the statutes or constitution of the State of
Texas confers upon the attorney general authority to initiate prosecutions for violations of the
obscenity statutes.

 The constitution provides that the office of district attorney shall represent the State
in district court and this power may be divided by the legislature between the county and district
attorneys in cases of overlap. See Tex. Const. art. V, § 21; Holmes v. Morales, 906 S.W.2d 570,
574 (Tex. App.--Austin 1995, writ granted). These constitutional rules are codified in articles
2.01 and 2.02 of the Code of Criminal Procedure which give only county and district attorneys
authority to represent the State in criminal prosecutions in district and inferior courts. See Tex.
Code Crim. Proc. Ann. arts. 2.01, 2.02 (West Supp. 1996); State ex rel. Hill v. Pirtle, 887
S.W.2d 921, 930 (Tex. Crim. App. 1994) (plurality opinion). In contrast, the attorney general
has no authority to initiate criminal prosecutions but is generally limited to representing the State
in civil litigation. (1) See Tex. Const. art. 4, § 22; Tex. Gov't Code Ann. § 402.021 (West 1990);
Pirtle, 887 S.W.2d at 930. An assistant attorney general may, however, perform the duties of
the county or district attorney or otherwise assist in criminal prosecutions on appointment of a
district judge in certain circumstances or at the request of the county or district attorney. See Tex.
Code Crim. Proc. Ann. art. 2.07 (West 1977 & Supp. 1996); see also Pirtle, 887 S.W.2d at 930;
Davis v. State, 840 S.W.2d 480, 487 (Tex. App.--Tyler 1992, pet. ref'd). 

 That the attorney general must be given notice of a suit to declare a statute
unconstitutional does not suggest, as Lone Starr contends, that the attorney general is the proper
party to sue in an action for declaratory or injunctive relief from the enforcement of a criminal
statute. See Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (West 1986); Scurlock Permian
Corp. v. Brazos County, 869 S.W.2d 478, 483 (Tex. App.--Houston [1st Dist.] 1993, writ denied). 

 We therefore hold the trial court lacked jurisdiction on the ground that a party
responsible for prosecuting violations of the obscenity statutes, a district or county attorney, was
not named in the action to declare these statutes unconstitutional and enjoin their enforcement. 
We need not, therefore, discuss appellees' cross point.

 We affirm the trial-court judgment. 



 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith 

Affirmed

Filed: May 8, 1996

Publish

1. We do not agree with Lone Starr that the authority to employ and commission peace
officers as investigators to assist the attorney general in "prosecution assistance and crime
prevention" as provided in section 402.009 of the Government Code confers on the attorney
general power, not otherwise constitutionally or statutorily provided, to initiate criminal
prosecutions. See Tex. Gov't Code Ann. § 402.009 (West Pamph. 1996).