ACCEPTED
03-14-00739-CV
4080797
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/9/2015 5:04:47 PM
JEFFREY D. KYLE
CLERK

Case No. 03-14-00739-CV

# IN THE THIRD COURT OF APPEALS

## AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/9/2015 5:04:47 PM
JEFFREY D. KYLE
Clerk

EX PARTE ROBERT BURNS SPRINGSTEEN IV,

Appellant

---

## APPELLEE ROSEMARY LEHMBERG'S BRIEF

---

Respectfully Submitted,

DAVID ESCAMILLA
County Attorney, Travis County
Travis County Attorney's Office
P.O. Box 1748
Austin, Texas 78767
Telephone:  (512) 854-9513
Facsimile:    (512) 854-4808
sherine.thomas@traviscountytx.gov
andrew.williams@traviscountytx.gov
pat.kelly@traviscountytx.gov


/s/ Andrew M. Williams
Sherine E. Thomas
State Bar No. 00794734
Andrew M. Williams
State Bar No. 24068345
Patrick M. Kelly
State Bar No. 11228000
ATTORNEYS FOR APPELLEE

DATE: February 6, 2015

## ORAL ARGUMENT **NOT** REQUESTED

i

## IDENTITY OF THE PARTIES

Trial Court Cause Number:  D-1-GN-14-001847

Robert Burns Springsteen IV, Appellant

Broadus A. Spivey
Texas Bar No. 00000076
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Drive, Suite 205
Austin, Texas 78731
bas@spivey-law.com

James W. Hackney
Texas Bar No. 08671000
LAW OFFICES OF JIM HACKNEY
5109 McDade Dr.
Austin, TX 78735
jim@jameshackneylaw.com

Charles F. Baird
Texas Bar No. 00000045
Amber Farrelly
Texas Bar No. 24069671
BAIRD☆FARRELLY CRIMINAL DEFENSE
2312 Western Trails Blvd Ste. 102-A
Austin, TX 78745
jcfbaird@gmail.com
adfelaw@gmail.com

Rosemary Lehmberg, Travis County District Attorney, Appellee

Sherine E. Thomas
Texas Bar No. 00794734
sherine.thomas@traviscountytx.gov
Andrew M. Williams
Texas Bar No. 24068345
andrew.williams@traviscountytx.gov
Patrick M. Kelly
Texas Bar No. 11228000
pat.kelly@traviscountytx.gov
Travis County Attorney's Office
P. O. Box 1748
Austin, Texas 78767
Tel. 512-854-9513
Fax 512-854-4808

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES...................................................................... ii

TABLE OF CONTENTS............................................................................ iii

INDEX OF AUTHORITIES..........................................................................v

STATEMENT OF THE CASE………………………………………….. ..........2

STATEMENT ON ORAL ARGUMENT………………………………...........3

ISSUES PRESENTED...................................................................................4

STATEMENT OF FACTS .............................................................................4
   A. Factual Background and Procedural History of Underlying Criminal Matter 4
   B. Procedural History in Request for Ex Parte Declaratory Judgment................6

SUMMARY OF ARGUMENT .....................................................................10

ARGUMENT AND AUTHORITIES..............................................................11
   A. The trial court's subject-matter jurisdiction, or lack thereof, is a question of law that is reviewed de novo........................................................................ 11
   B. By failing to assert even a single cause of action recognized under Texas law, Springsteen failed to trigger the Trial Court's jurisdiction. ...................13
      1. ISSUE 1 *(Restated)*: The UDJA does not create an independent cause of action or a waiver of immunity as alleged...........................................15
         a. Appellant fails to establish jurisdiction because the UDJA does not create jurisdiction when there is no underlying cause of action....16
         b. As pled, Appellant fails to trigger the trial court's jurisdiction by failing to identify a waiver of immunity. ......................................18
      2. ISSUE 2 *(Restated)*: Appellant complains of a non-justiciable issue that renders the court without jurisdiction. ...............................................21
      3. ISSUE 3 *(Restated)*: The Open Courts Provision of the Texas Constitution does not provide jurisdiction without a cause of action. ..25
      4. ISSUE 4 *(Restated)*: The civil trial court has no jurisdiction over criminal matters ................................................................................26
      5. ISSUE 5 *(Restated)*: Appellant cannot establish jurisdiction in state court when a federal court has already dismissed his similarly defective pleading seeking a declaration of actual innocence.............................27

CONCLUSION AND PRAYER ...............................................................28

CERTIFICATE OF COMPLIANCE ......................................................30

CERTIFICATE OF SERVICE ...............................................................31

# INDEX OF AUTHORITIES

## CASE LAW

*Bland Indep. Sch. Dist. v. Blue,* 34 S.W. 3d 547 (Tex. 2000)..................................... 11

*Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) ....... 19

*Board of Water Engineers v. City of San Antonio,* 283 S.W.2d 722 (Tex. 1955)...... 22

*Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704 (Tex. 2003)................. 19

*City of Dallas v. VSC, LLC*, 347 S.W.3d 231 (Tex. 2011) ................................... 21, 22

*City of El Paso v. Heinrich,* 284 S.W.3d 366 (Tex. 2009) ...................................... 19

*Cloud v. McKinney*, 228 S.W.3d 326 (Tex.App.--Austin 2007, no pet.).................. 19

*Combs v. Metropolitan Life Ins. Co.*, 298 S.W.3d 793 (Tex.App.--Austin 2009, pet. denied)................................................................................................................. 13

*Demouchette v. State*, 731 S.W.2d 75 (Tex. Crim. App. 1986)................................. 27

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433 (Tex. 2009) ...................... 13

*Frasier v. Yanes*, 9 S.W.3d 422 (Tex. App. – Austin 1999, no writ)...................... 22

*First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627 (Tex. 2008) ............................ 13

*Gattis v. Duty*, 349 S.W.3d 193 (Tex. App. – Austin 2011, no pet.)........................ 12

*General Motors Corp. v. Bray*, 243 S.W.3d 678 (Tex. App. – Austin 2007, no pet.)................................................................................................................... 13

*Gomez v. Pasadena Health Care Management,* 246 S.W.3d 306 (Tex.App.--Houston [14th Dist.] 2008, no pet.) ........................................................................................ 25

*In Re Allen,* 366 S.W.3d 696 (Tex. 2012)................................................................. 8

*In re Thompson*, 330 S.W.3d 411 (Tex.App.--Austin 2010, no pet.)............ 3, 14, 15

*Lone Starr Multi Theaters, Inc. v. State,* 922 S.W.2d 295 (Tex.App.--Austin 1996, no writ.) ..................................................................................................................... 14, 23

*Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995)............................................ 25

*Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006)................ 12, 16

*Shook v. Walden*, 304 S.W.3d 910 (Tex.App.--Austin 2010, pet. denied).............. 13

*Short v. W.T. Carter & Bro.,* 126 S.W.2d 953 (Tex. 1938) ...................................... 19

*Southwest Airlines Co. v. Texas High-Speed Rail Authority,* 863 S.W.2d 123 (Tex.App.--Austin 1993, writ denied)................................................................. 14, 22

*State v. Epperson*, 121 Tex. 80, 42 S.W.2d 228 (Tex. 1931) .................................. 19

*State v. Malone Serv. Co.*, 829 S.W.2d 763 (Tex. 1992).......................................... 19

*State v. Margolis,* 439 S.W.2d 695 (Tex.App.--Austin 1969, writ ref'd n.r.e.) ... 14, 23

*State v. Morales*, 869 S. W. 2d 941 (Tex. 1994)...................................................... 17, 26

*State v. Oakley*, 227 S.W.3d 58 (Tex. 2007) ............................................................ 21

*State v. Young*, 265 S.W.3d 697 (Tex.App.--Austin 2008, pet. denied).....................
...........................................................................................3, 17, 18, 20, 21, 23

*Springsteen v. State,* 2006 Tex. Crim. App. LEXIS 2340 (Tex. Crim. App. May 24, 2006), *cert. denied* 549 U.S. 1253 (2007) ..............................................................4, 5

*Springsteen v. Combs*, 2013 U.S. Dist. LEXIS 133971 (W.D. Tex. Sept. 19, 2013) ..............................................................................................................7, 8

*Tex. Ass'n. of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993)......... 22, 24

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004)................. 12

*Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636 (Tex. 1999)..................................... 15

*Texas Natural Resources Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849 (Tex. 2002).......................................................................................................... 16, 17

*Trantham v. Isaaks*, 218 S.W. 3D 750 (Tex.App.--Fort Worth 2007, pet. denied) ... 26

*Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692 (Tex. 2003) ........................... 16

*Westbrook v. Penley*, 231 S.W.3d 389 (Tex. 2007) .................................................. 12

*W. D. Haden Co. v. Dodgen*, 308 S.W.2d 838 (Tex. 1958) ...............................17, 20

## STATUTES CODES AND CONSTITUTION

Tex. Civ. Prac. & Rem. Code §10.001 ..................................................................... 26

Tex. Civ. Prac. & Rem. Code §37.001-.011 ............................................................ 14

Tex. Civ. Prac. & Rem. Code §37.002 .................................................................... 16

Tex. Civ. Prac. & Rem. Code §37.004 .................................................................... 16

Tex. Civ. Prac. & Rem. Code §37.006 .................................................................... 14

Tex. Civ. Prac. & Rem. Code §37.008 .................................................................... 24

Tex. Civ. Prac. & Rem. Code §103.001 ................................................. 6, 17, 20, 24

Tex. Civ. Prac. & Rem. Code §103.051(a)(2)............................................................ 6

Tex. Const. art. I, §13.............................................................................................. 25

Tex. Code Crim. Proc. Art. 12.01(1)(A) .................................................................. 27

Tex. R. App. P. 45.................................................................................................... 8

**Case No. 03-14-00739-CV**

**IN THE THIRD COURT OF APPEALS**

**AUSTIN, TEXAS**

EX PARTE ROBERT BURNS SPRINGSTEEN IV,
Appellant

---

**APPELLEE ROSEMARY LEHMBERG'S BRIEF**

---

TO THE HONORABLE COURT:

Appellee, Travis County District Attorney, Rosemary Lehmberg, moves the Court to affirm the judgment of the Trial Court in the above styled and numbered appeal, and to grant Appellee judgment for costs.

## STATEMENT OF THE CASE

On February 19, 2014, in his fourth attempt to recover money, Appellant filed his First Amended Petition for Declaratory Judgment in Bexar County, Texas, asking the Court to declare him "actually innocent". Supplemental Clerk's Record ("S.C.R.") 135-147. In his First Amended Petition, Springsteen added "the District Attorney of Travis County, Texas, Rosemary Lehmberg, is an 'interested party', and as such should be served with process and notice to appear.'" S.C.R. 135. Subsequently, on May 9, 2014, Appellant filed his Second Amended Petition for Declaratory Judgment requesting a declaration of actual innocence and maintained the District Attorney Lehmberg as an "interested party". S.C.R. 224-237. On May 23, 2014, the Bexar County Court granted Travis County District Attorney Lehmberg's Motion to Transfer Venue to Travis County. C.R. 64.

On September 25, 2014, after transfer of venue to Travis County, Appellant filed his Third Amended Petition for Declaratory Judgment which also sought a declaration of actual innocence. He continued to name District Attorney Lehmberg as an "interested party". C.R. 419-432. After a hearing and on October 16, 2014, the Travis County District Court granted Travis County District Attorney Lehmberg's Plea to the Jurisdiction and dismissed the case with prejudice. Appellant appeals the dismissal for lack of jurisdiction.

**STATEMENT ON ORAL ARGUMENT**

Appellant does not request oral argument because the controlling issues of jurisdiction, declaratory judgment, statutory construction and sovereign immunity under the Tim Cole Act have been decided by this Court[1] and the Texas Supreme Court. The relevant facts and legal arguments are adequately presented in the record and the briefs, given this appeal challenges dismissal on jurisdictional grounds previously raised to the trial court. For the foregoing reasons, oral argument would not significantly aid the court in its decision.

Should the Court grant argument in response to Appellant Springsteen's request, Appellee District Attorney Lehmberg does not waive her right to present argument before the Court and respectfully requests an opportunity to articulate her responses to the Court.

---

[1] *State v. Young*, 265 S.W.3d 697 (Tex.App.--Austin 2008, pet. denied)*;In re Thompson*, 330 S.W.3d 411 (Tex. App. Austin 2010, no pet.)

## ISSUES PRESENTED

The Trial Court properly granted Appellee's Plea to the Jurisdiction because Appellant failed to assert even a single cause of action recognized under Texas law.

## STATEMENT OF FACTS

Ex Parte Robert Burns Springsteen, IV, Appellant, brought this case as an "ex parte declaratory judgment" claim, asking the trial court for a finding of "actual innocence" in order to receive compensation for time served in Texas state prison, pursuant to Texas Civil Practice & Remedies Code §103. He named District Attorney Rosemary Lehmberg, Appellee, as an "interested party" but not a defendant.

### A.    Factual Background and Procedural History of Underlying Criminal Matter

This case stems from Springsteen's capital murder conviction related to what have become known as the "Yogurt Shop Murders." Ap. Br. at p. 10.  In brief, late in the evening of December 6, 1991, four young women were sexually assaulted and murdered in Austin, Texas, at an "I Can't Believe It's Yogurt" business. *Springsteen v. State,* 2006 Tex. Crim. App. LEXIS 2340 (Tex. Crim. App. May 24, 2006), *cert. denied* 549 U.S. 1253 (2007)(citation omitted). Springsteen, as well as others, was convicted of the crimes and sentenced to death. *Id.* On June 22, 2005, Texas Governor Rick Perry commuted Springsteen's death

sentence to life in prison. *Id.* On May 24, 2006, the Texas Court of Criminal Appeals reversed Springsteen's capital murder conviction, and remanded the matter to the district court for a new trial. *Id.* The remand was based upon the finding that the admission of co-defendant Michael Scott's confession, which implicated Springsteen, violated the Confrontation Clause of the U.S. Constitution. *Id*. The Court further found that sufficient evidence was presented at the trial court to support the conviction, such that Springsteen's re-trial would not violate the Double Jeopardy or Due Process Clauses of the Constitution. *Id.*

After remand, on April 17, 2008, evidence was presented to the trial court showing that new DNA testing proved that none of the DNA samples found at the crime scene and on the victims matched Springsteen. C.R. 435. On June 24, 2009, Springsteen and a co-defendant were released from jail on bond pending their upcoming trials. *Id.* On October 28, 2009, the Travis County District Attorney filed a Motion for Dismissal, requesting that the charges be dismissed, as she was not prepared to go to trial on the case because law enforcement was still investigating matters raised by the DNA testing, and the trial court was unwilling to further continue the re-trial. *Id.* The trial court granted the motion and dismissed all charges against Springsteen.

///

**B.**  **Procedural History of Springsteen's Numerous Attempts to Recover Compensation Pursuant to the Tim Cole Act**

The Tim Cole Act (The Act) provides compensation for certain individuals who were wrongfully imprisoned and who have received a full pardon or habeas corpus relief. Tex. Civ. Prac. & Rem. Code §103. The legislature set out specific requirements and procedures for applications under the act. *Id.*

> *1) Springsteen's first attempt for compensation was denied by Comptroller Combs in December 2012 for failure to meet statutory requirements for compensation.*

On October 23, 2012, Springsteen made application to the Honorable Susan Combs, Texas Comptroller of Public Accounts, for compensation for being wrongfully imprisoned. An application under § 103.001 requires that the applicant include "a verified copy of the pardon, court order, motion to dismiss, and affidavit, as applicable, justifying the application for compensation." Tex. Civ. Prac. & Rem. Code 103.051(a)(2). On December 13, 2012, Combs denied Springsteen's application stating that Springsteen's application "did not include a pardon based on innocence . . . did not include a habeas corpus order that met the actual innocence requirement . . . did not include a court order habeas corpus . . . [and] the required statements from the State's prosecuting attorney." C.R.380.

///

*2) Springsteen's second attempt for compensation was denied by Comptroller Combs in February 2013 for failure to meet statutory requirements for compensation.*

On December 21, 2012, Springsteen again requested compensation from the Comptroller, and on February 14, 2013, Combs once again denied the application for the same deficiencies previously identified. Specifically, Springsteen once again failed to submit adequate documentation demonstrating eligibility for compensation as required by the statute. *Springsteen v. Combs*, 2013 U.S. Dist. LEXIS 133971, 4 (W.D. Tex. Sept. 19, 2013, no writ) (citing Complaint Ex. C.). C.R. 42.

*3) Springsteen's third attempt for compensation was framed as federal court petition for declaration of actual innocence and mandamus, which was dismissed, in part, because of his failure to meet the statutory mechanisms for recovery.*

On May 23, 2013, Springsteen first sought a declaration of actual innocence for the purpose of qualifying for compensation under the Tim Cole Act in Federal District Court in the Western District of Texas, Austin Division. *Springsteen v. Combs*, 2013 U.S. Dist. LEXIS 133971 (W.D. Tex. Sept. 19, 2013). Appellant named Texas State Comptroller Susan Combs as a defendant in that declaratory judgment petition. The court dismissed the suit on November 6, 2013, holding that Defendant Comptroller Combs was entitled to eleventh amendment immunity. *Id.* Further, the court held that the federal court does not have mandamus jurisdiction over a state official, but that Texas law vested jurisdiction for mandamus actions

under The Act in the Texas Supreme Court. *Id.* The court then questioned why Springsteen did not request a writ of mandamus from the Texas Supreme Court when there is clearly jurisdiction to make that request to that court.[2] *Id.* The court further held that a declaratory judgment would not give Appellant the right to recover under the Tim Cole Act because the statute does not allow for recovery based on such a ruling. *Id.* Thus, this issue presented was not justiciable as the court lacked the authority to redress the alleged wrong asserted therein. *Id.*

> 4) *Springsteen's fourth attempt for recovery of compensation was filed in state court as an ex parte declaratory judgment and it was dismissed for lack of jurisdiction.*

Despite the federal court's ruling instructing him of the law, Appellant continued to attempt to circumvent the existing law and to ignore the due process available to him. Rather than filing an original mandamus action to the Texas Supreme Court, Appellant instead engaged in legal fiction, an ex parte declaratory judgment of actual innocence.[3] On December 10, 2013, in a blatant attempt at forum shopping outside of Travis County, Appellant filed his Original Petition for

---

[2] Citing *In Re Allen,* 366 S.W.3d 696, 701 (Tex. 2012) and answering its own musing with, "In all likelihood, he did not do so because he is aware that he cannot meet the requirements of the statute until he obtains a finding of actual innocence in a habeas proceeding, or receives some sort of habeas relief, along with a dismissal of the charges based on a motion to dismiss in which the prosecutor states the she believes he is actually innocent of the crimes." *Springsteen v. Combs* at 16-17.

[3] If the court of appeals determines that an appeal is frivolous, it may on motion of any party or on its own initiative, after notice and a reasonable opportunity for response award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals. Tex. R. App. P. 45

Declaratory Judgment in Bexar County, Texas, asking the Court to declare him "actually innocent" of crimes he alleges he did not commit and stating, "This is an Ex Parte proceeding, and thus there is no 'adverse party.'" Appellant's Original Petition for Declaratory Judgment. C.R. 3. However, in accord with the Uniform Declaratory Judgments Act (UDJA) Appellant stated the "State of Texas may have an interest in the proceeding, so a copy of the filed petition will be forwarded to the Attorney General of Texas." C.R. 57.

On February 19, 2014, Appellant filed his First Amended Petition for Declaratory Judgment in Bexar County, Texas, again asking the Court to declare him "actually innocent." Supplemental Clerk's Record ("S.C.R.") 135-147. In his First Amended Petition, Appellant added "the District Attorney of Travis County, Texas, Rosemary Lehmberg, is an interested party, and as such should be served with process and notice to appear." S.C.R. 135. Subsequently, on May 9, 2014, Appellant filed his Second Amended Petition for Declaratory Judgment requesting a declaration of actual innocence and maintained the District Attorney Lehmberg as an interested party. S.C.R. 224-237. On May 23, 2014, the Bexar County Court granted Travis County District Attorney Lehmberg's Motion to Transfer Venue to Travis County. C.R. 64.

On September 25, 2014, after transfer of venue to Travis County, Appellant filed his Third Amended Petition for Declaratory Judgment which also sought a

declaration of actual innocence. He continued to name District Attorney Lehmberg as an interested party. C.R. 419-432.  After a hearing and on October 16, 2014, the Travis County District Court granted Travis County District Attorney Lehmberg's Plea to the Jurisdiction and dismissed the case with prejudice. Appellant appeals the dismissal for lack of jurisdiction, taking a fifth bite at the apple.

## SUMMARY OF ARGUMENT

Appellant Springsteen attempts to create a never before recognized mechanism for recovery. He asks this Court to ignore existing law, trample the authority expressly given to District Attorney's Office, and impede upon the criminal justice process. This Court should affirm the trial court's dismissal of Appellant's *ex parte* declaratory judgment because the trial court correctly rejected Appellant's invitation to accept a series of legal fictions. Appellant Springsteen's pleading fails to demonstrate jurisdiction in that the UDJA does not contemplate ex parte proceedings and the Appellant wholly fails to assert a valid cause of action. In response to Appellant's assertions otherwise, Appellee District Attorney Lehmberg argues the following:

First, the trial court's dismissal should be affirmed because a) the UDJA does not create jurisdiction where there is none and b) the UDJA does not waive immunity for actions that do not challenge the constitutionality of a statue but instead seek to encroach upon an official's discretionary duties.

323509-1                                           10

Second, the trial court correctly dismissed the case because there is no justiciable issue when there are no adverse parties and the court's ruling would not resolve a dispute.

Third, the dismissal should be affirmed because the Open Courts provision of the Texas Constitution does not apply where the Appellant lacks a well-defined cause of action under common law.

Fourth, the trial court's dismissal should be affirmed because no Texas court has subject-matter jurisdiction to use a civil remedy and proceeding to obviate an action that can only be resolved under penal law, such as the indictment, conviction, punishment or a declaration of innocence for capital murder.

Fifth, the trial court correctly dismissed Appellant's claim because collateral estoppel, or issue preclusion, bars the re-litigation of issues already determined in a prior suit.

For the foregoing reasons, the trial court lacked jurisdiction and properly dismissed this case. Appellee requests that this Court affirm the Trial Court's order dismissing Springsteen's claims for lack of jurisdiction.

## ARGUMENT AND AUTHORITIES

**A.** **The trial court's subject-matter jurisdiction, or lack thereof, is a question of law that is reviewed de novo.**

A plea to the jurisdiction is a dilatory plea that challenges the trial court's authority to determine the subject matter of a specific cause of action. *See Bland*

*Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). Sovereign immunity from suit deprives a court of subject-matter jurisdiction and therefore is properly asserted in a plea to the jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The ultimate question of whether a trial court has subject-matter jurisdiction is a question of law that is reviewed de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007).

When, the plea to the jurisdiction challenges the pleadings, the pleadings are construed liberally in favor of the plaintiff, and all allegations are accepted as true, unless negated by sufficient evidence. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004); *Gattis v. Duty*, 349 S.W.3d 193, 200-01 (Tex.App.--Austin 2011, no pet.) ("Our ultimate inquiry is whether the plaintiff's pled and un-negated facts, taken as true . . . affirmatively demonstrate a claim or claims within the trial court's subject matter jurisdiction."). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an incurable defect in jurisdiction, the plaintiff should be afforded the opportunity to amend his pleadings. *Miranda*, 133 S.W.3d at 226-27. However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction should be granted without allowing the plaintiff an opportunity to amend his pleadings. *Id*.

When jurisdictional issues turn on the interpretation of statutes, which itself is a question of law, decisions are reviewed de novo. *See First Am. Title Ins. Co. v. Combs, 258 S.W.3d 627, 631 (Tex. 2008).* When construing a statute, the primary objective is to ascertain and give effect to the legislature's intent. *Id.* at 631-32. In determining legislative intent, the court first considers the plain language of the statute. *General Motors Corp. v. Bray*, 243 S.W.3d 678, 685 (Tex.App.--Austin 2007, no pet.). When statutory text is clear, it is determinative of legislative intent, unless enforcing the plain meaning of the statute's words would produce an absurd result. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Only when the statutory text is ambiguous should the court "resort to rules of construction or extrinsic aids." *Shook v. Walden*, 304 S.W.3d 910, 917 (Tex.App.-- Austin 2010, pet. denied) (internal quotations omitted); *see also, Combs v. Metropolitan Life Ins. Co.*, 298 S.W.3d 793, 796-97 (Tex.App.--Austin 2009, pet. denied).

**B.     By failing to assert even a single cause of action recognized under Texas law, Springsteen failed to trigger the Trial Court's jurisdiction.**

Appellant asks the Court to accept a series of legal fictions in order to circumvent existing law and create jurisdiction where there is none. Most recently, he filed an "*Ex Parte* Declaratory Judgment." Appellant argues that sovereign immunity is not implicated because he has not brought suit against a political

subdivision of the state, insisting that there is no named defendant, but only an interested party. Appellant's brief p. 14.

However, any authority a trial court has to grant declaratory relief would stem from the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code §§ 37.001-.011, which does not contemplate *ex parte* proceedings. *In re Thompson*, 330 S.W.3d 411, 413. (Tex.App.--Austin 2010, no pet.). To the contrary, the UDJA requires that all interested persons must be made parties and states that a declaration does not prejudice the rights of a non-party. *Id.;* Tex. Civ. Prac. & Rem. Code 37.006. If there is no adverse party, or proper parties have not been named, the judgment amounts to no more than an advisory opinion, which a court does not have the power to give. *Southwest Airlines v. Texas High-Speed Rail Auth.,* 863 S.W.2d 123, 125 (Tex. App.--Austin 1993, writ denied); *see also, State v. Margolis,* 439 S.W.2d 695, 698 (Tex. Civ. App.--Austin 1969, writ ref'd n.r.e.) (suit for declaratory relief against attorney general dismissed for want of jurisdiction because no showing attorney general had enforced anti-trust laws). *Lone Starr Multi Theaters, Inc. v. State*, 922 S.W.2d 295, 297-8 (Tex.App.--Austin 1996, no writ).

When a party is excluded, the declaratory judgment case is dismissed for lack of jurisdiction. *See Lone Starr,* 922 S.W.2d at 298 (case dismissed for lack of jurisdiction when appropriate county and district attorneys were not named in the

323509-1                                     14

action). Furthermore, a declaration judgment ruling that conflicts with a criminal courts ruling would necessarily require the state's prosecutor be named as a party. *In re Thompson,* 330 S.W.3d at 416. Here, should Appellant prevail in obtaining a declaration of actual innocence, that declaration would encroach on Travis County District Attorney Lehmberg's prosecutorial discretion. Thus, she should be properly named as a defendant.

Assuming, arguendo, the court liberally construes the Appellant's pleadings as properly naming and noticing District Attorney Lehmberg as a party, Appellee asserts the following arguments which support the trial court's dismissal and demonstrate that the jurisdictional defects could not be cured by repleading:

1.  **ISSUE 1** *(Restated)*
    **The UDJA does not create an independent cause of action or a waiver of immunity as alleged.**

The trial court's dismissal should be affirmed because a) the UDJA does not create jurisdiction where there is none and b) the UDJA does not waive immunity for actions that do not challenge the constitutionality of a statue but instead seek to encroach upon an official's discretionary duties.

Sovereign immunity encompasses immunity from suit, which bars a suit unless the governmental entity has consented, and immunity from liability, which protects the entity from judgments even if it has consented to the suit. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). "Political subdivisions of the

state . . . are entitled to such immunity-- referred to as governmental immunity-- unless it has been waived." *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006)(citations omitted); *see also, Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). The Texas Supreme Court has said repeatedly that the Legislature is in the best position to waive or abrogate immunity, "because this allows the Legislature to protect its policymaking function." *Texas Natural Resources Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849 (Tex. 2002) (citations omitted).

> *a) Appellant fails to establish jurisdiction because the UDJA does not create jurisdiction when there is no underlying cause of action.*

The dismissal should be affirmed because the Appellant attempts to cloak a claim which would be barred by sovereign immunity in the guise of a declaratory judgment as an effort to circumvent that immunity.

The UDJA is a remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code § 37.002(b). It provides: "A person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the . . . statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code §37.004(a). The Act, however, does not enlarge a trial court's

jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature. *IT-Davy*, 74 S.W.3d at 855; *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994). It is well settled that "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages . . . as a declaratory-judgment claim." *IT-Davy*, 74 S.W.3d at 856 (citing *W. D. Haden Co. v. Dodgen*, 308 S.W.2d 838, 842 (Tex. 1958)).

Here, Appellant makes it clear that he seeks a declaration of actual innocence so that he may obtain compensation under the Tex. Civ. Prac. & Rem. Code §103.001. Appellant admits his claim seeks money damages for wrongful imprisonment when he states, "If the trial court were to grant Appellant's request for a hearing on a declaratory judgment and therefore later require the Comptroller to issue payment to Appellant, the State's immunity would be waived then as well." App. Brief p. 16.

However, this Court issued a salient opinion in *State v. Young*. *State v. Young*, 265 S.W.3d 697 (Tex. App.--Austin 2008, pet. denied). Young, like Appellant Springsteen, had his conviction overturned on direct appeal[4] and sought compensation under The Act. This Court held that such an individual who did not

---

[4] The distinction between Springsteen's acquittal and Young's acquittal is that Young's conviction was overturned when the appellate court determined, "the evidence is, due to the application of statutes, legally insufficient to support a conviction." *Young*, 265 S.W.3d 697, 704. Appellant's conviction was overturned when the court held, "the evidence of [Appellant's] guilt was legally sufficient" to support the conviction and explicitly stated that neither the Double Jeopardy nor Due Process Clause prohibits the retrial of Appellant for the crime of capital murder. *Springsteen v. State*, No. AP-74,223 (May 24, 2006) (C.R. 11-25).

obtain relief from his criminal conviction based on "actual innocence," much less obtain habeas corpus relief from his conviction on that ground, had not "been granted relief on the basis of actual innocence for the crime for which the person was sentenced," as the legislature used that phrase in chapter 103 of the civil practice and remedies code. *Id.* Accordingly, sovereign immunity barred Young's claims for damages from wrongful imprisonment. *Id. at 708.*

Likewise, sovereign immunity bars Appellant's claims for damages from wrongful imprisonment. Characterizing the claim as a declaratory judgment does alter the suits underlying nature and cannot circumvent immunity. Thus, the trial court's dismissal should be affirmed.

> b.     *As pled, Appellant fails to trigger the trial court's jurisdiction by failing to identify a waiver of immunity.*

The trial court correctly dismissed this case. Appellant's claims are barred by sovereign immunity because only declaratory judgment claims that seek an injunction that falls within the ultra vires exception waive sovereign immunity. In contrast, Appellant's request for naked declarations of rights that would encroach upon District Attorney Lehmberg's prosecutorial discretion does not waive immunity.

The doctrine of sovereign immunity and its dual protections also extend to protect a government employee, including constitutional officers such as District Attorney Lehmberg, acting in their official capacity, pursuant to their constitutional

and statutory authorization. *Cloud v. McKinney,* 228 S.W.3d 326 (Tex.App.--Austin 2007, no pet.); *Short v. W.T. Carter & Bro.,* 126 S.W.2d 953 (Tex. 1938). "[B]oth Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute. Thus, '[i]f the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely within his or her discretion.'" *State v. Malone Serv. Co.*, 829 S.W.2d 763, 769 (Tex. 1992) and *Bordenkircher v. Hayes*, 434 U.S. 357, 364, (1978).

The Texas Supreme Court contemplates the intersection of sovereign immunity, discretionary acts, and declaratory judgment in the *City of El Paso v. Heinrich. City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009). *Heinrich* explains:

> Suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act . . . . Thus, ultra vires suits do not attempt to exert control over the state--they attempt to reassert the control of the state. Stated another way, these suits do not seek to alter government policy but rather to enforce existing policy.

*Heinrich* at 372[5].

---

[5] The Court compared *State v. Epperson*, 121 Tex. 80, 42 S.W.2d 228, 231 (Tex. 1931) ("the tax collector's duty . . . is purely ministerial") with *Catalina Dev., Inc. v. County of El Paso*, 121

Here, Appellant argues that he is not challenging the constitutionality of a statute, but rather is seeking "affirmation of his rights under the statute." App. Br. p. 16. He goes on to state that, under one theory, he is seeking compensation under Tex. Civ. Prac. & Rem. Code 103.001(a)(2)(C). This section requires that the state's attorney declare under oath that "no credible evidence exists that inculpate the defendant . . . [and] that [she] believes that the defendant is actually innocent of the crime for which the person was sentenced." Tex. Civ. Prac. & Rem Code 103.001(a)(2)(C)(ii).

In this case, District Attorney Lehmberg dismissed the pending court case, but did so pending further investigation. Appellant complains that district attorneys could frustrate the statute and "circumvent any possibility of a similarly situated and wrongfully imprisoned person . . . by releasing any possible applicants pending 'further investigation'." App. Br. P. 26.

Appellant further argues that he should not be precluded from compensation simply because he obtained relief on direct appeal and can no longer pursue habeas corpus relief. Despite this seemingly harsh reality, this Court recognized in *Young* that, "All things being equal, sovereign immunity would bar a suit against the State for damages caused by wrongful imprisonment. Consequently, at common law,

S.W.3d 704, 706 (Tex. 2003) (newly elected commissioners court immune from suit where it "acted within its discretion to protect the perceived interests of the public" in rejecting contract approved by predecessor), and *W. D. Haden Co. v. Dodgen*, 308 S.W.2d 838 at 842 (Tex. 1958) (suit seeking "enforcement of contract rights" barred by immunity in the absence of any "statutory provision governing or limiting the manner of sale").

claimants could recover 'nothing from a state that wrongfully imprisoned them.'"

*Young*, 265 S.W.3d at 703 citing *State v. Oakley* 227 S.W.3d 58, 62 (Tex. 2007) (citations omitted). This Court explained:

> . . . [W]e must conclude that the legislature intended to provide a remedy solely to the wrongfully convicted who cannot, for whatever reason, obtain relief through available direct appeals. It is not absurd to suggest that the legislature would have considered such claimants-who have sometimes languished in prison for decades--as uniquely deserving of damages from the State, while perceiving a less-compelling interest among those who succeed in obtaining relief from their convictions on direct appeal.

*Young*, 265 S.W.3d at 707.

Thus, the trial court lacked jurisdiction over this *ex parte* declaratory judgment the UDJA does not create jurisdiction where there is no underlying cause of action, nor does it create jurisdiction to challenge the discretionary acts of an official. The dismissal was properly issued and should be affirmed.

### 2. ISSUE 2 *(Restated)*
**Appellant complains of a non-justiciable issue that renders the court without jurisdiction.**

The trial court's dismissal should be affirmed because there is no justiciable issue when there is no controversy between parties and relief sought is highly speculative and theoretical.

A declaratory judgment action may only lie where there is a substantial controversy involving a genuine conflict of tangible interests. *City of Dallas v. VSC*, LLC, 347 S.W.3d 231, 240 (Tex. 2011) (quotation marks omitted). The

Supreme Court holds that there can be no declaratory judgment action where a declaration would not settle an actual controversy *between parties*, or where "the relief sought is highly speculative and theoretical." *Id.* (emphasis added). Otherwise the declaration will act as nothing more than an advisory opinion and Texas courts lack the legal authority to issue advisory opinions. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993); *Board of Water Engineers v. city of San Antonio,* 283 S.W.2d 722, 724 (Tex. 1955), and *Southwest Airlines Co. v. Texas High-Speed Rail Authority,* 863 S.W.2d 123, 125 (Tex.App.--Austin 1993, writ denied).

In the instance case, Appellant maintains that there is no adverse party in this case, having named no defendants. App. Br. P. 14. Further, Appellant does not allege an actual legal dispute or controversy that a declaratory judgment of "actual innocence" would solve. Even if the court issued a declaration of actual innocence, such a declaration would not qualify the appellant for compensation under The Act.

Furthermore, a claimant seeking a declaratory action must already have a cause of action at common law or under some statutory or constitutional provision. *Frasier v. Yanes*, 9 S.W.3d 422, 427 (Tex.App.--Austin 1999, no writ). A declaratory judgment declares the rights and duties or the status of parties in a justiciable controversy. This Court has already determined that only those who

meet the specific requirements of "actual innocence" set out in The Act have a claim that falls within the waiver of immunity provided by The Act. *Young,* 265 S.W.3d 697. Without a waiver of immunity, there is no right of action. Thus, Appellant does not have a valid cause of action under Chapter 37 of the Civil Practice and Remedies Code.

Further, the notion that courts are without the power to issue advisory opinions is well settled under Texas law. In declaratory judgment actions, an essential component of this limitation on courts' authority is the requirement that the defendant have the authority to enforce the statute, provision, or action in question. *Lone Starr Multi Theaters, Inc. v. State,* 922 S.W.2d 295, 297-298 (Tex.App.--Austin 1996, no writ.) and *State v. Margolis,* 439 S.W.2d 695, 698 (Tex.App.--Austin 1969, writ ref'd n.r.e.). When such a party is not the named defendant, as is the case in this matter, the court must dismiss the petition for declaratory judgment for want of jurisdiction. *Id.* Because the Travis County District Attorney has no authority to grant Appellant a pardon, habeas corpus, a finding of "actual innocence," or compensation under The Act, the trial court lacked jurisdiction in this case, even if Appellee were actually named as a defendant.

In Appellant's Second Amended Petition for Declaratory Judgment, he adds that he is seeking "a declaratory judgment from this court affirming that Appellant

is qualified to receive compensation under C.P.R.C. § 103.001." Appellant's Second Amended Petition for Declaratory Judgment pg. 11, ¶ 6.6. S.C.R. 234. Appellant continues to assert this declaration in Appellant's Third Amended Petition for Declaratory Judgment pg. 11, ¶7.5. C.R. 429. To qualify for compensation, an applicant must proceed and qualify under The Act itself.[6] The UDJA cannot be used to bootstrap an attempt to qualify to receive compensation under The Act because a declaratory judgment is not included as an order qualifying one to receive compensation under the statute. As Section 37.008 of the UDJA states, "The court may refuse to render or enter a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding." Tex. Civ. Prac. & Rem. Code §37.008; See also, *Texas Ass'n of Business,* 852 S.W.2D at 446 (court may refuse to allow a declaratory judgment action where any judgment would purely be advisory and non-binding in any manner). Thus, this Court should not entertain Appellant's most recent attempt at these legal fictions but should affirm the dismissal of this case.

///

---

[6] "Whether he is entitled to such compensation under Texas law is a question first for the Texas Comptroller, and then for the Texas Supreme Court." S.C.R 304-305.

**3. ISSUE 3 (*Restated*)**
   **The Open Courts Provision of the Texas Constitution does not provide jurisdiction without a cause of action.**

Appellant pleads that he has brought his UDJA claim pursuant to Article 1, Section 13, (hereafter "Open Courts Provision") of the Texas Constitution and that the Open Courts Provision ensures that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person, or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13.

While this may be a well-stated proposition, case law does not support this application of the Open Courts Provision. This provision "acts as an additional due process guarantee granted in the Texas Constitution, and prohibits the legislature from arbitrarily withdrawing all legal remedies from anyone having a well-defined cause of action under the common law." *Gomez v. Pasadena Health Care Management,* 246 S.W.3d 306, 312 (Tex.App.--Houston [14th Dist.] 2008, no pet.)(emphasis added). Further, "[t]he 'Open Courts' provision of the Texas Constitution applies only to statutory restrictions on cognizable common law causes of action" not to legal fictions, no matter how creative. *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 499 (Tex. 1995)(emphasis added).

### 4. ISSUE 4 (*Restated*)
### The civil trial court has no jurisdiction over criminal matters.

Appellant's UDJA claim regarding requesting a declaration of "actual innocence," fails because a civil court has no jurisdiction to adjudicate and render declarations of "rights, status or other legal relationships arising under a penal statute." *Morales*, 869 S.W.2d at 947. Requests for declaratory judgments regarding criminal liability have even been found to constitute frivolous pleadings filed for an "improper purpose," in violation of Texas Civil Practice and Remedies Code § 10.001. *See Trantham v. Isaacks*, 218 S.W.3d 750, 754-755 (Tex.App.--Fort Worth 2007, pet. denied) (holding declaratory judgment was an improper vehicle for determining Appellee's potential criminal liability).

In this case, Appellant seeks a civil court's declaration of "actually innocence" of a specific crime. By its very nature and on its face, the legal status, rights, and other legal relationships arising in the adjudication of, and from, murder fall under the purview of Texas penal statutes (in addition to the Texas Constitution). The District Attorney does not assert that this Court does not have general jurisdiction, under the Texas Constitution to adjudicate both criminal and civil matters, but rather, she asserts that neither this Court nor any other Texas court has subject-matter jurisdiction to use a civil remedy and proceeding to obviate an action that can only be resolved under penal law.

Additionally, a court of competent jurisdiction, the Texas Court of Criminal Appeals held that, "the evidence of [Appellant's] guilt was legally sufficient." *Springsteen v. State*, No. AP-74,223 (May 24, 2006). C.R. 11-25. Appellant's prior conviction was not reversed based on a finding of actual innocence, but rather on a Confrontation Clause violation. *See Id*. Despite Appellant's claims to the contrary, the Court of Criminal Appeals held that neither the "Double Jeopardy" nor "Due Process Clauses" prohibit the retrial of Appellant for the crime of capital murder in this case. *Id*. Further, there is no statute of limitations for capital murder. *See* Tex. Code Crim. Proc. art. 12.0 l(l)(A); *Demouchette v. State*, 731 S.W.2d 75, 80 (Tex. Crim. App. 1986). Therefore, Appellant could be retried for murder at any time, and again, for this reason this court has no jurisdiction to issue a civil declaratory judgment of "actual innocence" in this case.

5.  **ISSUE 5** *(Restated)*
    **Appellant cannot establish jurisdiction in state court when a federal court has already dismissed his similarly defective pleading seeking a declaration of actual innocence.**

Prior to filing this lawsuit, Appellant has previously attempted to obtain a similar, improper advisory opinion regarding his claim of actual innocence from Texas's federal court system. That is, in May 2013, in the United States District Court, Western District of Texas, Austin Division, Appellant filed Appellant's Original Complaint, Request for Declaratory Judgment and Request for Mandamus. C.R. 31-37. In a well-reasoned Report and Recommendation of

323509-1                                    27

Magistrate Judge Andy Austin, the recommendation stated "that even a finding by this Court of Appellant's actual innocence would not lead to his receipt of compensation under the statute, given that the statute requires such a finding take place in the context of a habeas corpus proceeding. C.R. 39-51. Thus…the Court lacks the authority to redress the wrong on which Springsteen bases this suit." *Id.* Thereafter, Judge Lee Yeakel issued an Order on Report and Recommendation dismissing Appellant's Petition and rendered a Final Judgment Dismissing all claims on November 6, 2013. C.R. 53-54.

The federal court lacked jurisdiction because it lacked power to issue an order that redressed Appellant's claimed injury. Likewise, this Court also lacks jurisdiction because it cannot issue an order that would redress any injury claimed by Appellant because no such cause of action exists for these circumstances. Thus, the dismissal should be affirmed.

<strong><u>CONCLUSION AND PRAYER</u></strong>

In conclusion, this court does not have jurisdiction over this action because Appellant failed to plead facts necessary to establish a waiver of sovereign immunity, has filed a defective pleading on a non-justiciable issue and a federal court has already ruled on this issue.

For these reasons, Appellee, Travis County District Attorney, Rosemary Lehmberg, requests that the Court affirm the Trial Court's judgment and dismiss this case for want of jurisdiction.

## CERTIFICATE OF COMPLIANCE

By my signature below, pursuant to Tex. R. App. P. 9.4(i)(3), I hereby certify that the foregoing **Appellee Rosemary Lehmberg's Brief** contains 7,711 words and is compliant as to form pursuant to Tex. R. App. P. 9.4.

/s/ Andrew M. Williams
Andrew M. Williams
Patrick M. Kelly

## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the above and foregoing **Appellee Rosemary Lehmberg's Brief** was electronically submitted for filing pursuant to Third Court of Appeals Local Rule 4 regarding electronic filing of documents and/or facsimile on the 9th day of February, 2015, as follows:

**Via Electronic Filing**
Jeffrey D. Kyle, Clerk of the Court
Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711

**Via Electronic Filing**
James W. Hackney
48 East Ave.
Austin, Texas 78701
jim@jameshackneylaw.com

**Via Electronic Filing**
Charles F. Baird
Amber Farrelly
BAIRD ☆ FARRELLY CRIMINAL DEFENSE
2312 Western Trails Blvd Ste. 102-A
Austin, Texas 78745
jcfbaird@gmail.com
adfelaw@gmail.com

**Via Electronic Filing**
Broadus A. Spivey
48 East Ave.
Austin, Texas 78701
bas@spivey-law.com

/s/ Andrew M. Williams
Sherine E. Thomas
Andrew M. Williams
Patrick M. Kelly
Assistant County Attorney

323509-1                              31